UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LAMONT MOORE, ) | |
| ) | |
| Petitioner, ) | 3:04-CV-0343-LRH-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CRAIG FARWELL, et al., ) | |
| ) | |
| Respondents. ) | |

On September 8, 2006, the court entered an Order denying the habeas corpus petition in this case (docket #17). Judgment was entered on September 11, 2006 (docket #18). On October 11, 2006, petitioner filed a Notice of Appeal and a Motion for Certificate of Appealability (dockets #20 and #21). Respondents have not filed an opposition to the application for a certificate of appealability.

Petitioner has also filed the appropriate application to proceed *in forma pauperis* (docket #25) and the required affidavit (docket #26). These documents show that petitioner does not presently have the funds to pay the filing fee. Thus, his motion shall be granted.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that petitioner has not met this standard.

Petitioner seeks leave to appeal this court's decision on grounds one and two of his petition. In ground one, petitioner claimed a violation of his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, because the trial court denied his request to compel the State to elect a theory of prosecution for first degree murder. In ground two, petitioner claimed that the Information failed to allege with specificity the facts the State would prove to support felony-murder in violation of Moore's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution.

The court finds that jurists of reason would not find debatable the court's decision as to the merits of either claim. Moore failed in both instances to show that the state courts' decisions involved either an unreasonable or contrary application of clearly established federal law or an unreasonable determination of the facts.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* on appeal (docket #25) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #21) is **DENIED**.

Dated this 27th day of November, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE